# United States District Court
## For The District of Wyoming

| | |
|---|---|
| SARAH M. FINN,<br><br>  Plaintiff,<br><br>  vs.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>  Defendant, | Civil No. 11-CV-349-J |

**ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE EXPERT WITNESSES**

This matter is before the Court on Plaintiff's *Motion to Exclude or Limit Testimony of BNSF's Biomechanic Engineer Expert Witness Jeffrey P. Broker Under Fed. R. Evid. 702* and Plaintiff's *Motion to Limit Testimony of BNSF's Accident Reconstruction Expert Richard J. Fay Under Fed. R. Evid. 702*. The Court having carefully considered these Motions and Responses thereto, and being fully advised in the premises, **FINDS**:

## I.  Background

This case is originally before the Court on Plaintiff Sarah M. Finn's claim arising out of a car collision in downtown Casper, Wyoming, on or about July 9, 2009. Mr. Anderson, an employee of BNSF Railway Company ("BNSF"), was driving a company SUV when he collided with Plaintiff's car. Plaintiff brings a claim of negligence against Defendant and seeks damages

1

for past and future medical treatment, for disability, pain and suffering, emotional distress, loss of enjoyment of life, loss of earnings and earning capacity, and any other damages demonstrated at trial and allowed by law.

Defendant designated its expert witnesses, Jeffrey P. Broker, Ph. D. and Richard J. Fay, on September 28, 2012 (Doc. 44) accompanied by their expert witness reports.  As Dr. Broker's expert designation demonstrates, he has his Ph.D. in biomechanics and for more than ten years has been the principal researcher and consultant of Biomechanics Engineering.  Mr. Fay is a professionally trained engineer designated by Defendant as an accident reconstructionist.

In the first of the instant Motions (Doc. 84), Plaintiff requests the Court exclude or limit testimony of Defendant's expert witness Dr. Broker.  Plaintiff request the Court prohibit Dr. Broker from testifying about the alleged injuries sustained by Plaintiff, the probable causes of those injuries or alternative casual mechanisms.  Plaintiff argues Dr. Broker lacks sufficient qualifications to provide an expert medical opinion related to the cause or severity of Plaintiff's injuries, specifically Plaintiff's wrist, shoulder, and biceps injuries.  Additionally, Plaintiff requests the Court prohibit Dr. Broker from testifying about the opinions expressed by Plaintiff's accident reconstruction expert John Smith.  Plaintiff agues Dr. Broker provides opinions and criticizes Plaintiff's expert concerning accident reconstruction, yet Dr. Broker is not an accident reconstructionist, and Defendant has already retained an accident reconstruction expert.

Defendant opposes Plaintiff's first Motion, and requests the Court deny it.  Defendant contends Plaintiff's arguments misunderstand the role a biomechanics expert plays at trial. Defendant argues Dr. Broker will testify as an expert in biomechanics and in mechanisms of

injury, and will additionally testify in rebuttal of the biomechanics opinions of Plaintiff's expert John Smith.

In the second Motion (Doc. 86), Plaintiff requests the Court prohibit Richard J. Fay from testifying about the speed of the BNSF vehicle during the collision at the center of this dispute arguing Mr. Fay's opinion fails to meet the requirements of FED. R. EVID. 702.  Defendant opposes Plaintiff's second Motion and requests it be denied.

**II.     Discussion**

Under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the Court is to ensure that any and all expert testimony or evidence admitted is not only relevant, but reliable.  Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 imposes upon courts the obligation to act as gatekeepers, by ensuring all expert testimony whether scientific, technical, or any other specialized knowledge, is both reliable and relevant.  *Kumho Tire Co., Ltd.*, 526 U.S. 137 (1999); *Daubert,* 509 U.S. 579 (1993).  Courts engage in a two-part analysis in determining the admissibility of expert opinion.  First, the court must determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion.  Second, the court must determine whether the expert's opinions are sufficiently reliable.  *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir.

2001); FED. R. EVID. 702 ; *Daubert,* 509 U.S. 579 (1993); *Kumho Tire Co.*, 526 U.S. 137 (1999).

As stated above, Rule 702 provides some guidance in making a determination of whether or not expert testimony is sufficiently reliable. Specifically, Rule 702 states an expert's testimony may be considered reliable if "the testimony is based on sufficient facts or data." FED. R. EVID. 702(b). The Court notes under *Daubert* a court is to find an expert opinion reliable under Rule 702 if the opinion is based on "good grounds." *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 732 (3d Cir. 1994). Meaning that if the opinions are based on methods and procedures of science they can be admissible regardless of whether or not the court thinks the opinions are correct as a court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 744 (citing *Daubert*, 509 U.S. at 595).

    **A.**    **Jeffrey P. Broker, Ph.D.**

The Court will move directly to the issue of reliability since Plaintiff does not question Dr. Broker's qualifications as a biomechanics expert under the first prong of *Daubert* . The sole issue regarding Dr. Broker is whether Dr. Broker has exceeded his expertise in biomechanics and will offer medical opinions or accident reconstruction opinions, which he is not qualified to render. The Court finds it important to offer a definition of biomechanics: the science concerned with the action of forces, internal and external, on the living body. STEDMAN'S MEDICAL DICTIONARY (25th Ed., 1989). "Biomechanical experts have extensive knowledge about how human bodies move when forces are applied to them and thus may provide testimony as to how vehicle occupants move and are impacted in vehicular accidents." *Ingraham v. KIA Motors America, Inc.,* 2007 WL 2028940 W.D.Okla., n. 12 (*citing Nash v. General Motors Corp.*, 153

P.3d 73, 75, n. 1 (Okla. Civ. App. 2006)). Biomechanical testimony can offer, distinct from medical opinions, testimony concerning the biomechanical forces and relationship between these forces and the medical opinions of the medical experts. Such testimony is not to determine a party's medical condition, but rather, to determine whether a condition or conditions are consistent with the types of forces in an accident. The utility of such testimony is demonstrated, for example in this case, by both parties designating an expert in biomechanics.

The Court agrees with Defendant that Dr. Broker used the medical opinions of treating medical doctors as a foundation for his biomechanical analysis of the accident. Dr. Broker may testify concerning the biomechanical forces involved in this accident and the relationship between those forces and medical conditions diagnosed by Plaintiff's treating doctors. The Court finds Dr. Broker is not making a diagnosis or rendering a medical opinion, and he shall not do this as it is not where his qualifications lie. This Court will leave it up to the trial judge to resolve any specific issues that may arise at trial regarding any particular question presented to Dr. Broker and whether they are biomechanical or medical in nature.

This Court does not find this to be inconsistent with the Order by this Court, cited by both parties, in *Wagoner v. Schlumberger Technology Corporation*, 2008 WL 5120750, in which the Honorable Judge Johnson distinguishes what a biomechanics expert may opine, "[t]heir testimony will be limited to testimony regarding those matters that are indeed within their respective areas of expertise, biomechanics. They may, for example, testify as to the forces involved in the low speed accident and how those forces may affect an individual or object; they may not express any opinions regarding whether plaintiff Larry Wagoner has suffered a brain

5

injury in this case or as to the probable [sic] cause of the alleged brain injury." The latter portion is reserved for medical doctors, or in the case of Dr. Broker, the previously stated opinions of treating physicians that he has incorporated into his analysis.

Plaintiff's final argument that Dr. Broker improperly provides opinions concerning accident reconstruction when nothing in Defendant's expert disclosures indicate Dr. Broker is an expert accident reconstructionist, does not persuade the Court that Dr. Broker must be stricken as an expert. Plaintiff designated John Smith as an accident investigation and reconstruction, biomechanics, and injury causation expert. Dr. Broker may offer testimony regarding Mr. Smith's statements regarding biomechanics. However, any rebuttal testimony regarding Mr. Smith's opinions on the topic of accident reconstruction shall remain within the purview of Defendant's expert Mr. Fay.

      B.      **Richard J. Fay**

The Court will again move directly to the issue of reliability since Plaintiff does not question Mr. Fay's qualifications under the first prong of *Daubert* . The Court finds Mr. Fay's report sets forth his opinions and the corresponding basis of each opinion by detailing the information and data relied upon in forming each opinion. While Plaintiff objects that there were no measurements taken at the accident scene by Mr. Fay, and, by Mr. Fay's own admission, he could not calculate the *actual* speed of the impact, Plaintiff concedes Mr. Fay reviewed the accident report, accident scene photographs, repair estimates for both vehicles, depositions of the actors involved and other information. The Tenth Circuit has held as a general rule, the factual basis of an expert opinion goes to the credibility of the testimony rather than the

admissibility. *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 654 (10th Cir.1991). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *First Data Corp. v. Konya*, 2007 WL 2116378 at *12 (D. Colo. July 20, 2007) (*citing Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929-30 (8th Cir.2001)). Therefore, the Court finds Mr. Fay's opinion as to a speculative speed of the vehicle and corresponding basis for this opinion sufficiently satisfy Rule 702's reliability requirement, and Plaintiff's concerns go to the weight of the evidence not its admissibility. *U.S. v. Cavely*, 318 F.3d 987 (10th Cir. 2003).

NOW, THEREFORE, IT IS ORDERED that Plaintiff's *Motion to Exclude or Limit Testimony of BNSF's Biomechanic Engineer Expert Witness Jeffrey P. Broker Under Fed. R. Evid. 702* be, and the same hereby is, **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's *Motion to Limit Testimony of BNSF's Accident Reconstruction Expert Richard J. Fay Under Fed. R. Evid. 702* is **DENIED.**

Dated this __6th__ day of February, 2013.

_____
Kelly H. Rankin
United States Magistrate Judge